Stuart M. Eppsteiner (CA SBN 098973)
sme@eppsteiner.com
Andrew J. Kubik (CA SBN 246902)
ajk@eppsteiner.com
Zelekha Amirzada (CA SBN 250419)
za@eppsteiner.com
**EPPSTEINER & FIORICA ATTORNEYS, LLP**
12555 High Bluff Dr., Ste. 155
San Diego, CA 92130
Tel. (858) 350-1500
Fax (858) 350-1501

Attorneys for Plaintiffs and the Putative Class

Galen D. Bellamy (SBN 231792)
bellamy@wtotrial.com
Andrew M. Unthank (admitted *pro hac vice*)
unthank@wtotrial.com
Hayley E. Reynolds (admitted *pro hac vice*)
Reynolds@wtotrial.com
**Wheeler Trigg O'Donnell LLP**
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879

Attorneys for Defendant, Whirlpool Corporation

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| KRISTIAN APODACA and BRUCE KALEITA, individually and on behalf of all other similarly situated, <br><br> PLAINTIFFS, <br><br> vs. <br><br> WHIRLPOOL CORPORATION, <br><br> DEFENDANT. | Case No. SACV13-00725 JVS (ANx) <br><br> **JOINT EARLY MEETING REPORT PURSUANT TO RULE 26(f)** <br><br> **DATE:** **SEPTEMBER 16, 2013** <br> **TIME:** **10: 30 A.M.** <br> **COURTROOM: 10C** <br> **JUDGE: THE HONORABLE JAMES V. SELNA** <br><br> Jury Trial Demanded |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Rule 26(f) Scheduling Conference, counsel for the parties held telephonic conferences on August 19, 2013, August 23, 2013, and September 9, 2013.  At the Early Meeting, Plaintiffs, Kristian Apodaca ("Plaintiff" or "Apodaca") and Bruce Kaleita ("Plaintiff" or "Kaleita"), were represented by Stuart M. Eppsteiner and Andrew J. Kubik, and Defendant, Whirlpool Corporation, was represented by Andrew M. Unthank and Hayley E. Reynolds.  The parties hereby submit their Joint Report of Early Meeting.  As to the matters on which the parties have not agreed, each party's position is separately stated and identified.

**A. SYNOPSIS**

    **1.  Plaintiffs' Statement of the Case:**

The two named Plaintiffs in this case allege, on behalf of themselves and others similarly situated in the states of California and Florida, that Whirlpool sold them defective Maytag-brand dishwashers ("Dishwashers") without disclosing material information. (First Amended Complaint ("FAC") ¶¶ 5-7, 127-155). Specifically, Plaintiffs allege that Whirlpool sold consumers Dishwashers with defective Control Panels (defined in FAC ¶¶ 41-57) which resulted in the premature malfunctioning of the Dishwashers, and frequent and expensive repairs and defective detergent dispenser assemblies and control boards that can cause the Dishwashers to ignite, posing a fire hazard to consumers (FAC ¶¶ 74-92).

Plaintiff Kristian Apodaca claims Whirlpool violated California Business and Professions Code §§ 17200, ("UCL") (1st, 2nd, 3rd Causes of Action) and 17500 ("FAL") (4th Cause of Action), California Civil Code §1750 *et. seq*., ("CLRA") (5th Cause of Action), and breached express warranty and implied warranties of merchantability, pursuant to the Song-Beverly Consumer Warranty Act, ("Song-Beverly"), California Civil Codes §1790 *et. seq*. cal comm. Code 2313 and the Magnuson Moss Warrant y Act ("MMWA"), 15 U.S.C. §§ 2301 *et. seq*. (6th, 7th, 8th Causes of Action, respectively).  Both Plaintiffs Apodaca and Kaleita assert claims

for Whirlpool's violations of Fraudulent Concealment under California and Florida law (9th Cause of Action). Also, Plaintiff Kaleita asserts claims for Whirlpool's violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute §501.201 *et. seq.* (10th, 11th and 12th Causes of Action).

Plaintiffs seek restitution and damages for themselves and the proposed classes. The damages sought are comprised of either the price paid for their Dishwashers or the difference between the price paid and the value of their Dishwashers. Also, Plaintiffs seek an injunction that requires Defendant to disclose to future Dishwasher purchasers that their Dishwashers require frequent and expensive repairs, fail prematurely and pose a fire hazard. Plaintiffs also seek to recover attorney and expert fees, litigation costs and expenses and incentive awards for the representative plaintiffs.

**Defendant's Statement of the Case:**

Whirlpool denies Plaintiffs' allegations and disagrees that Plaintiffs are entitled to any relief, whether individually or on a class-wide basis. As detailed in Whirlpool's pending Motion to Dismiss (Doc. 23), Plaintiffs have failed to state claims upon which relief may be granted pursuant to Rules 8(a), 9(b), and 12(b)(6). Plaintiff Apodaca's allegations establish that Whirlpool honored the terms of his applicable warranty and even offered him a generous customer-satisfaction benefit when he reported a problem after his warranty expired. Further, Plaintiff Kaleita's allegations establish that his dishwasher performed as expected under his applicable warranty and that the alleged post-warranty problem with his detergent dispenser did not pose a risk of injury. Plaintiff Kaleita never called Whirlpool to report his alleged problem. Instead, he joined this consumer class action. In short, Plaintiffs complain of alleged quality issues that arose after their applicable warranties expired and seek relief beyond what they bargained for at the time of purchase.

Further, Whirlpool contends that proof of Plaintiffs' claims cannot be accomplished on a common basis as required by Rule 23. Plaintiffs' claims will

require individualized inquiries into the varied nature of the alleged defects, the components at issue, and the elements of their claims, such as duty, reliance, and causation. The multiplicity of these inquiries is unfit for class treatment, and it provides good cause for the modified case management procedures proposed below.

**B.   LEGAL ISSUES**

The parties anticipate that the Court may have to decide the following legal issues:

1)   Whether Whirlpool had a duty to disclose the allegedly defective nature of the Maytag-brand dishwashers that are the subject of the Complaint; whether Whirlpool breached that duty; and whether proof of these claims can be accomplished on a common basis;

2)   Whether Whirlpool breached any express or implied warranty to Plaintiffs and putative class members with respect to the Maytag-brand dishwashers that are the subject of the Complaint, and whether proof of these claims can be accomplished on a common basis;

3)   Whether Whirlpool's conduct with respect to the Maytag-brand dishwashers that are the subject of the Complaint was in violation of the MMWA, see 15 U.S.C. §§ 2301-2312, and whether proof of these claims can be accomplished on a common basis;

4)   Whether Whirlpool's conduct with respect to the Maytag-brand dishwashers that are the subject of the Complaint was in violation of the CLRA, Cal. Civ. Code § 1750 et seq., and whether proof of this claim can be accomplished on a common basis;

5)   Whether Whirlpool's conduct with respect to the Maytag-brand dishwashers that are the subject of the Complaint was in violation of California's UCL, Cal. Bus. & Prof. Code § 17200 et seq., and whether proof of this claim can be accomplished on a common basis;

6)    Whether Whirlpool's conduct with respect to the Maytag-brand dishwashers that are the subject of the Complaint was in violation of California's FAL, Cal. Bus. & Prof. Code §§ 17500 et seq., and whether proof of this claim can be accomplished on a common basis;

7)    Whether Whirlpool's conduct with respect to the Maytag-brand dishwashers that are the subject of the Complaint was a violation of the FDUTPA, Fla. Stat. §§ 501.201, et seq., and whether proof of this claim can be accomplished on a common basis;

8)    Whether certain allegations in Plaintiffs' First Amended Class Action Complaint are subject to the particularity pleading standard applicable to fraud claims, see Fed. R. Civ. P. 9(b), and whether those allegations meet that standard;

9)    Whether certain allegations in Plaintiffs' First Amended Class Action Complaint meet the standard set forth in Fed. R. Civ. P. 8(a);

10)   Whether Plaintiffs fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

11)   Whether some or all of Plaintiffs' claims may be certified for class treatment pursuant to Rule 23.

The parties agree that other legal issues may arise and failure to list any legal issues in dispute is not an admission or concession by any party that such legal issue does not currently exist or may not exist. The parties also reserve the right to identify the additional legal issues as discovery progresses.

Counsel for Plaintiffs and Defendant confirm that each has taken the required steps to help ensure the preservation of potentially discoverable materials.

///

///

///

///

## C. DAMAGES

**Plaintiffs' Position:**

Under Plaintiff Apodaca's UCL and FAL claims, plaintiffs are seeking an injunction against Defendant's unfair, unlawful and fraudulent business practices, and restitution of the diminished value of his Dishwasher, which amount will be the subject of evidence provided via expert testimony.

Under the CLRA, Plaintiff Apodaca is seeking an injunction of Defendant's unfair, and deceptive business practices, damages and/or restitution in the form of diminished value, costs and attorneys' fees.

Under the Song-Beverly express warranty claim, Plaintiff Apodaca seeks damages under his rights of replacement of the Dishwasher or reimbursement "of an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the non-conformity." Cal. Civ. Code. §1793.2.  Plaintiff Apodaca also seeks as damages the cost of repair to make the goods conform to the express and implied warranties (which is not yet known by Plaintiff), as well as costs, expenses and attorneys' fees.

Under the MMWA, Plaintiff Apodaca seeks damages in the form of the cost to repair the Dishwashers such as that they conform to written express warranty and implied warranties, as well as costs and expenses, including attorneys' fees.

Under Florida's Deceptive and Unfair Trade Practices Act, Plaintiff Kaleita seeks damages in the form of restitution, injunctive relief, damages, attorneys' fees, and all other relief allowed under the FDUTPA.

For Plaintiff Apodaca's and Plaintiff Kaleita's Fraudulent Concealment/Non-disclosure claims under California and Florida law, respectively, Plaintiffs seek recovery of damages in that they overpaid for their Dishwashers and/or repair services and have or will have to continue to pay for repairs and parts or for replacement dishwashers.

Plaintiffs do not yet know how many Dishwashers were sold in California and Florida. Without this knowledge, Plaintiffs are unable to provide a damage estimate for the putative California and Florida classes.

**Defendant's Position:**

Whirlpool disagrees that Plaintiffs are entitled to any damages or other relief because their claims fail on the merits. Whirlpool further contends that Plaintiffs will be unable to advance common proof of damages.

**D. INSURANCE**

Whirlpool is not aware of any pertinent insurance agreements subject to disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv).

**E. MOTIONS**

Plaintiffs foresee the possibility of motions filed to (i) add other parties or claims or to (ii) amend the pleadings once the discovery process begins and reveals new information relevant to this case. The deadline for filing either of the two motions mentioned above is January 15, 2014. The parties agree to meet and confer promptly upon the addition of any other parties or claims or other amendments to the pleadings to discuss the need for modified case management procedures.

The parties do not anticipate filing motions to transfer venue.

**F. DISCOVERY AND EXPERTS**

**1.  Changes under Rule 26(a)**

The parties do not believe any changes in the disclosure under Rule 26(a) should be made.

**a.  Initial Disclosures**

Pursuant to Rule 26(a)(1)(A-D), the parties will exchange initial disclosures on or before September 13, 2013.

///

///

///

**Anticipated Subject Matter**

The parties describe separately the subjects on which discovery may be needed in this case.

**Plaintiffs:**

a) Communications from Dishwasher owners to Defendant, its agents and representatives, including authorized repair agents, regarding the performance of the Dishwasher and its control panels, detergent dispenser assemblies and electronic control boards;

b) What information Defendant received from retailers, companies, and entities that serviced or sold the Dishwashers frequent repairs, premature failures, defective control panels, defective detergent dispenser assemblies and defective electronic control boards, melting or overheating of detergent dispenser assemblies and electronic control boards;

c) Defendant's engineering, design, testing, manufacturing, marketing, sales, service and internal writings and communications about the Dishwashers;

d) Defendant's, its subsidiaries', parent's and agents' knowledge regarding the performance of the Dishwashers relative to the failed performance and the subject parts as alleged in Plaintiffs' First Amended Complaint;

e) Defendant's testing of the Dishwashers;

f) Whether Defendant's testing, and/or examination or disassembly of used Dishwashers, or information from service personnel or other sources provided Defendant with knowledge that the Dishwashers require frequent and expensive repairs, fail prematurely, and pose a fire hazard due to defective control panels and detergent dispenser assemblies and control boards;

g) What information Defendant received from consultants, engineers, retailers, companies, and entities that sold, examined, designed, tested or

serviced the Dishwashers regarding the Dishwashers' defective control panel, and defective dishwasher dispenser assemblies and control boards;

h) Putative class representatives' and proposed class members' use of, care for and experience with the Dishwashers;

i) The putative class representatives' and proposed class members' decisions to purchase the Dishwashers;

j) The information Whirlpool communicated to putative class representatives and proposed class members prior to their purchase of the Dishwashers;

k) Whether Defendant's conduct violated the consumer protection statutes of class representatives' states;

l) Whether Defendant breached its express warranties;

m) Whether Defendant breached its implied warranties;

n) Whether Defendant violated or breached the California Song-Beverly Consumer Warranty Act;

o) Whether Defendants violated or breached the Magnuson-Moss Warranty Act;

p) Whether Defendant's design of all or a part of the Dishwashers was defective;

q) Whether Defendant made adequate disclosure to the class members that the Dishwashers will require frequent and expensive repairs, prematurely fail and pose a fire hazard.

**Defendant:**

Whirlpool intends to take discovery relevant to determining whether Plaintiffs can carry their burden of establishing every requirement of Rule 23(a) and at least one requirement of Rule 23(b), as well as discovery relevant to the merits of Plaintiffs' claims that the Court determines are adequately pled and state a claim upon which relief can be granted. Accordingly, Whirlpool may seek to explore at least the following factual issues:

a) The timing, nature, and cause of problems Plaintiffs and putative class members claim to have experienced or may have experienced with their Maytag-brand dishwashers and whether those problems are attributable to the defects alleged by Plaintiffs;

b) What in-warranty and out-of-warranty communications each Plaintiff has had with Whirlpool or other persons concerning the problems they allegedly experienced with their Maytag-brand dishwashers;

c) The nature of any pre-purchase communications, representations, or warranties Plaintiffs received from Whirlpool or other persons; whether Whirlpool omitted any material information from its representations regarding the dishwashers; and whether Plaintiffs relied on any alleged material misrepresentation or omission; and

d) The warranty service, post-warranty service, product exchanges, and other post-sale customer-satisfaction resolutions offered or implemented Whirlpool or other persons for Maytag-brand dishwasher owners who reported the type of issues alleged by Plaintiffs, if any.

**2. Discovery Phases**

**Plaintiffs' Position:**

Given *Dukes v. Walmart*, 131 S. Ct. 2541, 2551 (2011), the parties agree that there should be no phasing between "class" and "merits" discovery, and that they should instead be free to inquire into areas they believe to be reasonably necessary to present or oppose the motion for class certification.

As pled, this case involves two alleged defects relating, generally, to three different components in Maytag-brand dishwashers: user interfaces, detergent dispensers, and electronic control boards. Consequently, in addition to documents and data that may be remotely collected, Whirlpool will need to interview witnesses in, and possibly collect documents from, multiple locations in Benton Harbor, MI, St. Joseph, MI, Findlay, OH, and Cleveland, TN. Further, this case involves two

Plaintiffs who bring multiple, separate claims under the laws of California and Florida. Therefore, this case presents a higher degree of complexity for purposes of case planning and discovery than a typical consumer class action alleging a single defect with a single component. Accordingly, the parties have negotiated extensively to develop the case management plan outlined herein and in Exhibit A. The parties believe that this proposal, in connection with the subjects of discovery outlined above, will be broad enough, but not broader than necessary, to accomplish the goal of obtaining sufficient merits discovery to enable them to brief the class certification questions.

Finally, the parties further agree that once the briefing on Plaintiffs' motion for class certification has been completed and the motion is under consideration by the Court, it will be most efficient and cost-effective not to conduct further discovery or other proceedings until the Court has ruled on that motion. In particular, the parties believe that this procedure will enable them to evaluate the need for any remaining discovery, and propose a second case management order, by taking into account the Court's ruling on the class certification motion. Therefore, the attached Exhibit A tracks the parties' proposed case management plan through class certification briefing.

### 3.  Discovery Limitations/ Number of Depositions

The parties have agreed to the following modifications to the presumptive discovery limitations and procedures:

(a)  The limitation on depositions under Rule 30(a)(2)(A) should be increased to 15 depositions per side before the conclusion of pre-certification discovery.

(b)  Whirlpool will collect, review, and produce documents from approximately seven key custodians, without prejudice to Plaintiffs' right to request collection and production of documents from additional custodians if needed and agreed to by Whirlpool. Whirlpool's document productions will be made on a rolling basis as Whirlpool's counsel completes their review of collected documents for

responsiveness, confidentiality, attorney-client privilege, and work product. Such rolling production will commence no later than October 15, 2013, and Whirlpool shall conclude these rolling productions no later than February 14, 2014.

(c)   Following Plaintiffs' review of Whirlpool's initial productions of documents, Plaintiffs will serve on Whirlpool a single notice of deposition pursuant to Rule 30(b)(6). Whirlpool will promptly negotiate with Plaintiffs the scope of the Rule 30(b)(6) deposition(s) and make reasonable efforts to make Whirlpool's designees available for deposition at a mutually agreeable time and place at least 60 days after service of Plaintiffs' Rule 30(b)(6) deposition notice.

The parties disagree concerning limitations on the number of allowable Rule 34(a) requests.

Whirlpool proposes that the parties be limited to 40 requests for production pursuant to Rule 34(a), such that Plaintiffs may serve on Whirlpool, collectively, a total of 40 requests and that Whirlpool may serve a total of 40 requests on each Plaintiff. Whirlpool's experience is that requests in excess of 40 are often redundant and result in inefficiencies for the responding party.

Plaintiffs do not agree to limit the number of requests for production of documents. The FRCP provides none, and given the complexity of the product and claims, as described herein, a limitation on the number of requests for production of documents, before the commencement of discovery, is not appropriate. Whirlpool has the right to seek protection from overburdensome discovery by filing motions to limit or restrict discovery if Plaintiffs discovery requests violate applicable law.

**4.  Discovery Conducted To Date**

The parties have not conducted discovery to date. Whirlpool has, however, initiated its document collection and review process and intends to provide Plaintiffs its first rolling production on October 15, 2013.

## 5.  Other Discovery Orders

The parties do not anticipate requesting the Court to issue any other discovery-related orders beyond the modifications proposed and agreements reached in this report.

## 6.  Electronically Stored Information

The parties agree that reasonably accessible electronically stored information ("ESI"), including word processing documents, PDF documents, and emails, shall be produced to the requesting party as bates-stamped single-page TIFF (or PDF) image files and should be accompanied by a "load file," which will contain the following fields of data, to the extent reasonably available for a particular document, and except to the extent that the contents of such fields for particular documents contain information subject to claims of attorney-client privilege or work-product immunity.

"Stand-alone" or "Loose" Documents:

(i) custodian;

(ii) subject;

(iii) date created;

(iv) date modified;

(v) author;

(vi) created time;

(vii) edited time;

(viii) last author;

(ix) title;

(x) extracted text (except as qualified below with respect to redacted documents); and

(xi) association of family documents.

///

///

///

Email Files:

(i) custodian;

(ii) from;

(iii) to;

(iv) CC;

(v) BCC;

(vi) subject;

(vii) message ID;

(viii) date time;

(ix) time zone;

(x) extracted text; and

(xi) association of family documents.

The "load file" shall also include information about where each document begins and ends to facilitate the use of produced materials with commercially available document management or litigation support software such as Summation or Concordance.

Where the full text of the document is not available (e.g. scanned hardcopy documents or any electronic documents that require redaction before production), the documents will be produced in TIFF image (or PDF) files and accompanying Optical Character Recognition (OCR) text files.

Each party will produce the metadata, formatting, or revision history of particular files that are produced. With the exception of documents identified below to be produced in their native format in the first instance, a party may request, absent an extraordinary financial burden, production of particular files in native format.

Microsoft Access, Excel, and other spreadsheet files, video files, and audio files will be produced in native format, unless such production in native format presents issues of unreasonable burden or privilege (e.g., because a portion of the

video or audio file is subject to claims of attorney-client privilege or work-product immunity), in which case, the parties shall meet and confer on the format of its production.

**7. Expert Witness Disclosures**

The parties agree that Plaintiffs shall make class certification expert designations and produce their expert report by June 18, 2014, that Defendant shall make its class certification expert designations and produce its expert report(s) by July 30, 2014, that Plaintiffs' expert rebuttal designations and expert reports shall be completed by September 2, 2014, and pre-certification expert depositions shall be completed by October 3, 2014.

**G. DISPOSITIVE MOTIONS**

**H.** Neither party has presently identified claims or issues that should be determined by summary judgment or in limine motions prior to the class certification briefing. The parties reserves their rights, however, to move for appropriate orders in limine to limit or strike the testimony of any expert witnesses offered in connection with the class certification briefing. The parties agree that such challenges should be heard at the time of the class certification motion.**SETTLEMENT AND SETTLEMENT MECHANISM**

The parties, through counsel, have discussed, in broad strokes, a framework for informal resolution.

The parties attach their Request: ADR Procedure Selection form hereto.

**I. TRIAL ESTIMATE**

At this early stage of proceedings, before the class certification questions have been resolved, it is not practicable for the parties to discuss and propose trial procedures, to propose a trial date, or to make a realistic estimate of the length of any jury trial in this case.

1    Plaintiffs UCL, FAL and CLRA claims are tried to the Court as they are
2  considered equitable claims, as are the (insert) Florida (claims).  The only claims to
3  be tried to a jury are the warranty claims.

4    As the case is currently pled by Plaintiffs, Whirlpool demands a trial by jury of
5  all claims and issues to which the right to a trial by jury applies. If any class is
6  certified, the parties jointly will propose a length of trial that exceeds the Court's
7  default four-day timed jury trial.

8    **J. TIMETABLE**
9      Please see attached **Exhibit A**.

10   **K. OTHER ISSUES**
11   The parties are not currently aware of any other issues affecting the status or
12  management of the case.

13   **L. CONFLICTS**
14   Please see attached **Exhibit B**.

15   **M. PATENT CASES**
16     This portion of the Court's Order is inapplicable in this case.

17   **N. MAGISTRATES**
18   At this time, the parties do not elect to have a magistrate judge preside over all
19  aspects of this matter.

20

21     Respectfully submitted this 9th day of September, 2013.

22
23  DATED:  September 9, 2013     EPPSTEINER & FIORICA ATTORNEYS, LLP

24

25               By:  /s/ *Stuart M. Eppsteiner*
                      Stuart M. Eppsteiner, Esq.
26                    Andrew J. Kubik, Esq.
27                    Zelekha Amirzada, Esq.

28                    Attorneys for Plaintiffs and Putative Class

1    DATED:  September 9, 2013        WHEELER TRIGG O'DONNELL LLP

2

3                                     By: /s/ Andrew M. Unthank
                                          Andrew M. Unthank, Esq.
4

5                                         Attorneys for Defendant Whirlpool
                                          Corporation
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

207414                                                        Case No. 8:13-CV-00725-JVS-AN

# EXHIBIT A

# [PROPOSED] PRETRIAL CALENDAR

| **Matter** | Time | Weeks before Trial | Plaintiffs' Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (jury) (court) | 8:30am (Tuesdays) | | TBD | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | TBD | TBD | |
| Final Pretrial Conference;  Hearing on Motions *in Limine*; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of the Case | 11:00 am (Mondays) | -2 | TBD | TBD | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit Lit; Witness List; Status Report re Settlement | | -3 | TBD | TBD | |
| Last day for hand-serving Motions *in Limine* | | -6 | TBD | TBD | |
| Last day for hearing motions | 1:30pm (Mondays) | -7 | TBD | TBD | |
| Last day for hand-serving Motions and filing (other than Motions in Limine). Please note extended notice requirements for motions for summary judgment under F.R.Civ.P. 56(c) | | -11 | TBD | TBD | |
| Non expert Discovery cut-off | | -15 | TBD | TBD | |

JOINT EARLY MEETING REPORT PURSUANT TO RULE 26(f)

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice: (1) CT/USMJ   (2) Court Mediation Panel     **(3) Private ADR**

| | | | | |
|---|---|---|---|---|
| Written Discovery Period Opens | | | 9/16/2013 | |
| Parties' Exchange Initial Disclosures | | | 9/13/2013 | |
| Begin Rolling Document Production | | | October 15, 2013 | |
| Deadline to move to add parties or amend pleadings | | | January 15, 2014 | |
| Conclude Rolling Document Production | | | February 14, 2014 | |
| Conclude Fact Discovery | | | May 16, 2014 | |
| Deadline for Plaintiffs' Expert Disclosures | | | June 18, 2014 | |
| Deadline for Defendant's Expert Disclosures | | | July 30, 2014 | |
| Deadline for Plaintiffs' Rebuttal Expert Disclosures | | | September 2, 2014 | |
| Conclude Expert Witness Depositions | | | October 3, 2014 | |
| Plaintiffs' Motion for Class Certification | | | December 16, 2014 | |
| Defendant's Opposition to Class Certification | | | January 27, 2015 | |
| Plaintiffs' Reply in support of Class Certification | | | March 10, 2015 | |
| Hearing on Motion for Class Certification | | | PARTIES TO PROPOSE AT TIME OF MOTION | |
| Expert Discovery | | | TBD | |
| Last day to conduct Settlement Conference | | | TBD | |

JOINT EARLY MEETING REPORT PURSUANT TO RULE 26(f)
207414                                                    Case No. 8:13-CV-00725-JVS-AN

# EXHIBIT B

Exhibit 21

**WHIRLPOOL CORPORATION**
**List of Subsidiaries**

| Subsidiary and Name Under Which It Does Business | Jurisdiction in Which Organized |
| --- | --- |
| 1900 Holdings Corporation | Delaware |
| BUD Comércio de Eletrodomésticos Ltda. | Brazil |
| BWI Products Limited | England |
| Bauknecht AG | Switzerland |
| Bauknecht Hausgeräte GmbH | Germany |
| Bauknecht Limited | England |
| Beijing Embraco Snowflake Compressor Company Limited | China |
| Bill Page Orchestra, Inc. | California |
| Brasmotor S.A. | Brazil |
| CNB Consultoria Ltda | Brazil |
| Centro de Desarrollo Tecnologico e Innóvación WHM, S. de R.L de C.V. | Mexico |
| Comercial Acros Whirlpool, S.A. de C.V. | Mexico |
| Consumer Appliances Service Limited | Hong Kong |
| Ealing Compania de Gestiones y Participaciones S.A. | Uruguay |
| Elera Delaware, Inc. | Delaware |
| Elera Holdings Corporation | Delaware |
| Embraco Europe S.r.l. | Italy |
| Embraco Eurosales S.r.l. | Italy |
| Embraco Luxembourg S.à r.l. | Luxembourg |
| Embraco Mexico Servicios, S. de R.L. de C.V. | Mexico |
| Embraco Mexico S. de R.L. de C.V. | Mexico |
| Embraco North America, Inc. | Delaware |
| Embraco Russia | Russia |
| Embraco Slovakia S.r.o. | Slovak Republic |
| Everest Campus, LLC. | Michigan |
| Guangdong Whirlpool Electrical Appliances Co., Ltd. | China |
| Hisense - Whirlpool (Zhejiang) Electric Appliances Co., Ltd. | China |
| Hoover Comercial Limitada | Brazil |
| IRE Beteiligungs GmbH | Germany |
| Industrias Acros Whirlpool, S.A. de C.V. | Mexico |
| KitchenAid Delaware, Inc. | Delaware |
| KitchenAid Europa, Inc. | Delaware |
| KitchenAid Europa, Inc. (Brussels Branch) | Belgium |
| KitchenAid Promotions, LLC | Michigan |
| KitchenAid, Inc. | Ohio |
| LAWSA S.A. | Argentina |
| Latin America Sales and Service Company | Delaware |
| MLOG Armazém Geral Ltda. | Brazil |
| MacroSonix Corp. | Virginia |
| Maytag (Australia) Pty Ltd | Australia |
| Maytag Comercial, S. de R.L. de C.V. | Mexico |
| Maytag Limited | Ontario |
| Maytag Properties, LLC | Michigan |
| Maytag Sales, Inc. | Delaware |

| Subsidiary and Name Under Which It Does Business | Jurisdiction in Which Organized |
|---|---|
| Maytag Worldwide N.V. | Netherlands Antilles |
| New Home Technologies, L.L.C. | Texas |
| Nineteen Hundred Corporation | New York |
| Planihold S.A. | Brazil |
| Prestadora de Servicios Administrativos Regiomontana, S. de R. L. de C.V. | Mexico |
| Qingdao EECON Electronic Controls and Appliances Co., Ltd. | China |
| South American Sales Partnership | Florida |
| THC Assets Corporation | Delaware |
| WCGP Nova Scotia Co. | Nova Scotia |
| WFC de Mexico, S. de R.L. de C.V. | Mexico |
| Whirlpool (Australia) Pty. Limited | Australia |
| Whirlpool (Australia) Pty. Limited dba Whirlpool New Zealand | New Zealand |
| Whirlpool (B.V.I.) Limited | Virgin Islands (British) |
| Whirlpool (China) Investment Co., Ltd. | China |
| Whirlpool (Hong Kong) Limited | Hong Kong |
| Whirlpool (Malaysia) Sdn Bhd | Malaysia |
| Whirlpool (Thailand) Limited | Thailand |
| Whirlpool (UK) Limited | England |
| Whirlpool America Holdings Corp. | Delaware |
| Whirlpool Argentina S.A. | Argentina |
| Whirlpool ASEAN Co. | Delaware |
| Whirlpool Asia B.V. | Netherlands (The) |
| Whirlpool Asia Inc. | Delaware |
| Whirlpool Austria GmbH | Austria |
| Whirlpool Asia Private Limited | India |
| Whirlpool Baltic UAB | Lithuania |
| Whirlpool Benelux N.V./S.A. | Belgium |
| Whirlpool Bulgaria Ltd. | Bulgaria |
| Whirlpool CIS Ltd. | Russia |
| Whirlpool CR, spol. s.r.o. | Czech Republic |
| Whirlpool Canada Co. (post 9/1/05 amalgamation company) | Nova Scotia |
| Whirlpool Canada Holding Co. (post 4/18/06 amalgamation company) | Nova Scotia |
| Whirlpool Canada LP | Ontario |
| Whirlpool Canada Luxembourg Holdings S.à r.l. | Luxembourg |
| Whirlpool Chile Limitada | Chile |
| Whirlpool Colômbia S.A.S. | Colombia |
| Whirlpool Comercial Ltda. | Brazil |
| Whirlpool Croatia Ltd. | Croatia |
| Whirlpool do Brasil Investements B.V. | Netherlands |
| Whirlpool do Brasil Ltda. | Brazil |
| Whirlpool Ecuador S.A. | Ecuador |
| Whirlpool Eesti OU | Estonia |
| Whirlpool El Salvador, S.A. de C.V. | El Salvador |
| Whirlpool Eletrodomésticos AM S.A. | Brazil |
| Whirlpool Enterprises, LLC | Delaware |
| Whirlpool Europe B.V. | Netherlands (The) |
| Whirlpool Europe Coordination Center | Belgium |
| Whirlpool Europe Holdings B.V. | Netherlands (The) |
| Whirlpool Europe Holdings Limited | Delaware |

| Subsidiary and Name Under Which It Does Business | Jurisdiction in Which Organized |
|---|---|
| Whirlpool Europe S.r.l. | Italy |
| Whirlpool Europe Srl (Dubai Representative Office) | United Arab Emirates |
| Whirlpool Europe Srl (Kazakhstan Representative Office) | Kazakhstan |
| Whirlpool Europe Srl (Ukraine Representative Office) | Ukraine |
| Whirlpool Finance B.V. | Netherlands (The) |
| Whirlpool Finance Overseas Ltd. | Bermuda |
| Whirlpool Financial Corporation | Delaware |
| Whirlpool Financial Corporation International | Delaware |
| Whirlpool Floor Care Corp. | Delaware |
| Whirlpool France SAS | France |
| Whirlpool Germany GmbH | Germany |
| Whirlpool Greater China Inc. | Delaware |
| Whirlpool Greater China Inc. (Hong Kong Branch) | Hong Kong |
| Whirlpool Guatemala, S.A. | Guatemala |
| Whirlpool Hellas SA | Greece |
| Whirlpool Holdings Corporation | Delaware |
| Whirlpool Home Appliance (Shanghai) Co., Ltd. | China |
| Whirlpool Home Appliances Limited Liability Company | Turkey |
| Whirlpool Hungarian Trading Limited Liability Company | Hungary |
| Whirlpool Iberia, Sucursal en Espana de Whirlpool Europe s.r.l. (Spanish Branch) | Spain |
| Whirlpool India Holdings Limited | Delaware |
| Whirlpool India Holdings Limited (India Branch) | India |
| Whirlpool of India Limited | India |
| Whirlpool Insurance Company, Ltd. | Bermuda |
| Whirlpool Insurance Company, Ltd. (Vermont Branch) | Vermont |
| Whirlpool Internacional S. de R.L. de C.V. | Mexico |
| Whirlpool International GmbH | Switzerland |
| Whirlpool International Holdings S.à r.l. | Luxembourg |
| Whirlpool International Manufacturing S.à r.l. | Luxembourg |
| Whirlpool Ireland Limited | Ireland |
| Whirlpool Japan Inc. | Delaware |
| Whirlpool Latin America B.V. | Netherlands (The) |
| Whirlpool Latin America Corporation | Delaware |
| Whirlpool Latvia S.I.A. | Latvia |
| Whirlpool Ltd Belgrade | Serbia |
| Whirlpool Luxembourg Holdings S.à r.l. | Luxembourg |
| Whirlpool Luxembourg Investments S.à r.l. | Luxembourg |
| Whirlpool Luxembourg S.à r.l. | Luxembourg |
| Whirlpool Luxembourg Ventures S.à r.l. | Luxembourg |
| Whirlpool Management Services Sagl | Switzerland |
| Whirlpool Maroc S. àr.l. | Morocco |
| Whirlpool Mauritius Limited | Mauritius |
| Whirlpool Mexico, S.A. de C.V. | Mexico |
| Whirlpool Mexico Holdings LLC | Delaware |
| Whirlpool Mexico Ventures LLC | Delaware |
| Whirlpool Microwave Products Development Limited | Hong Kong |
| Whirlpool NAAG Holdings Corporation | Delaware |
| Whirlpool NAR Holdings, LLC | Delaware |
| Whirlpool Nederland B.V. | Netherlands (The) |

| Subsidiary and Name Under Which It Does Business | Jurisdiction in Which Organized |
| --- | --- |
| Whirlpool Nordic A/S | Denmark |
| Whirlpool Nordic AB | Sweden |
| Whirlpool Nordic AB (Sweden's Denmark Branch) | Denmark |
| Whirlpool Nordic OY | Finland |
| Whirlpool Norge AS | Norway |
| Whirlpool Oceania Inc. | Delaware |
| Whirlpool Overseas Holdings, LLC | Delaware |
| Whirlpool Overseas Hong Kong Limited | Hong Kong |
| Whirlpool Overseas Manufacturing S.ár.l. | Luxembourg |
| Whirlpool Peru S.R.L. | Peru |
| Whirlpool Polska S.A. | Poland |
| Whirlpool Polska S.A. (Warsaw Branch) | Poland |
| Whirlpool Portugal Electrodomesticos, Lda. | Portugal |
| Whirlpool Product Development (Shenzhen) Company Limited | China |
| Whirlpool Properties, Inc. | Michigan |
| Whirlpool Puntana S.A. | Argentina |
| Whirlpool R&D s.r.l. | Italy |
| Whirlpool Realty Corporation | Delaware |
| Whirlpool Romania s.r.l. | Romania |
| Whirlpool S.A. | Brazil |
| Whirlpool S.A. Sociedad de Ahorro para Fines Determinados | Argentina |
| Whirlpool SSC Limited | Ireland |
| Whirlpool Slovakia spol. s.r.o. | Slovak Republic |
| Whirlpool South Africa (Proprietary) Limited | South Africa |
| Whirlpool Southeast Asia Pte | Singapore |
| Whirlpool Southeast Asia Pte (Hong Kong Branch) | Hong Kong |
| Whirlpool Sweden AB | Sweden |
| Whirlpool Taiwan Co., Ltd. | Taiwan |
| Whirlpool Technologies, LLC | Michigan |
| Whirlpool UK Pension Scheme Trustee Limited | England |
| Whirlpool Ukraine LLC | Ukraine |