1   Galen D. Bellamy (SBN 231792)
    Email: bellamy@wtotrial.com
2   Andrew M. Unthank (*pro hac vice*)
    Email: unthank@wtotrial.com
3   Hayley E. Reynolds (*pro hac vice*)
    Email: reynolds@wtotrial.com
4   Wheeler Trigg O'Donnell LLP
    370 Seventeenth Street, Suite 4500
5   Denver, Colorado 80202
    Telephone: (303) 244-1800
6   Facsimile: (303) 244-1879

7   Dean J. Zipser (SBN 94680)
    Email: dzipser@kruzlaw.com
8   Carole E. Reagan (SBN 162674)
    Email: creagan@kruzlaw.com
9   Keller Rackauckas Umberg Zipser LLP
    18300 Von Karman Ave., Suite 930
10  Irvine, California 92612
    Telephone: (949) 476-8700
11  Facsimile: (949) 476-0900

12  Attorneys for Defendant
    Whirlpool Corporation
13

```
FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY Shy          DEPUTY
```

14                    **UNITED STATES DISTRICT COURT**

15                    **CENTRAL DISTRICT OF CALIFORNIA**

16  KRISTIAN APODACA and BRUCE       CASE NO. 8:13-cv-00725-JVS-AN
    KALEITA, individually and on behalf
17  of all others similarly situated,   **STIPULATED [PROPOSED]**
                                        **ORDER GOVERNING THE**
18                      Plaintiffs,     **DESIGNATION AND HANDLING**
                                        **OF CONFIDENTIAL MATERIALS**
19        vs.
                                        Judge: The Honorable James V. Selna
20  WHIRLPOOL CORPORATION,
21                      Defendant.
22

23        To expedite the exchange of Discovery Material (defined below) in this

24  litigation, to facilitate the prompt resolution of disputes over confidentiality, and

25  to protect Discovery Material entitled to be kept confidential, it is, pursuant to this

26  Court's authority as articulated in the Civil Minutes – Order entered November

27  14, 2013 (Doc. 38) and with the consent of the Parties (defined below), hereby

28

**ORDERED:**

1.     <u>Purposes and Limitations</u>. Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Order Governing the Designation and Handling of Confidential Materials (the "Order" or "Confidentiality Order"). This Confidentiality Order is not intended to modify or supplant any Civil Local Rule, such as L.R. 79-5 for the filing of material under seal, or any protocol adopted for the trial of this matter, or any other courtroom procedure adopted by Judge Selna, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Designating Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information.

2.     <u>Definitions</u>.

(a)     "<u>Parties</u>" shall mean all named Plaintiffs in this litigation and Defendant Whirlpool Corporation, including the officers and directors of Whirlpool, and its agents involved with underlying facts of the Plaintiffs' claims and acting on behalf of Whirlpool in this litigation. "<u>Party</u>" shall mean any individually named Plaintiff or Defendant, including the officers and directors of Whirlpool, and its agents involved with underlying facts of the Plaintiffs' claims and acting on behalf of Whirlpool in this litigation.

(b)   Discovery Material shall mean all documents, things, and information that are produced or generated in disclosures or responses to discovery in this litigation.  Discovery Material includes any material produced, filed, or served by any Party or other person during discovery in this litigation and any information included in any such material.  Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or other person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(c)   "Confidential" Discovery Material shall mean information (regardless of how generated, stored, or maintained), testimony, or tangible things that have not been made public, contain trade secret, confidential, private or proprietary information the Designating Party in good faith represents, if disclosed, would harm its competitive position, and qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure and appellate law interpreting that Rule.

(d)   Receiving Party shall mean a Party that receives Discovery Material from a Producing Party in this Action.

(e)   Producing Party shall mean a Party or other person that produces Discovery Material in this Action.

(f)   Designating Party shall mean any Producing Party or other person that designates Discovery Material that is in their possession, custody or control to be produced to a "Receiving Party as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in provision 2(c) above (hereinafter "Confidential Material").

3.   <u>Designating Documentary Discovery Material</u>.   Any Party may designate Discovery Material as Confidential, and such material shall be treated in accordance with the provisions of this Protective Order, provided that the materials are prepared in such a manner that they are prominently marked "Confidential" on each page of the document.   If a Producing Party determines that a document to be produced in native format should be designated as "Confidential", but because of the format cannot be marked on each page of the document as "Confidential", then the Party shall service notice of the designation to the Receiving Party by, e.g., identifying the production control numbers associated with any such documents. Any non-written Confidential Material (e.g. videotape, audio tape, computer disk, etc. may be designated as such by labeling the outside of such non-written material designated as "Confidential."   If Discovery Material entitled to protection is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the Confidential Discovery Material shall be marked Confidential.   To the extent a Party wishes or is required to file Confidential Discovery Material with the Court, the Party shall file a redacted copy omitting the Confidential information and shall also serve an unredacted copy of the document on counsel of record.   Local Rule 79-5, subject to Judge James Selna's then in-effect Procedures for Electronically Presenting Documents Under Seal, shall govern the filing of documents under seal in this Action.

4.   The designation of information as "Confidential" constitutes a representation by the Designating Party and such Party's counsel that such document, material or information has been reviewed and that the Designating Party and its counsel in good faith represent the information so marked satisfies the definition of "Confidential" found in provision 2(c) above.

5.    <u>Designating Confidential Discovery Material in Depositions</u>.  Parties and deponents may, within thirty (30) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection (as defined in Paragraph 2 above).    Such Confidential information within the deposition transcript may be designated only by sending a letter indicating the page and line numbers of the deposition transcription that the Party or deponent designates as "Confidential" to counsel for the party taking the deposition and the court reporter.  Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as Confidential under this Protective Order. If a designation is made, the Confidential portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 3 above.  If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same status.

6.    <u>Use and Disclosure of Confidential Discovery Material</u>.

(a)    Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential may be used only in connection with the prosecution or defense of claims in, or the settlement of, this action in this Court, including any appeal and retrial.

(b)    <u>Limitations on Disclosure of Confidential Discovery Material</u>: Confidential Discovery Material may be disclosed only:

(1)    to Parties in this litigation;

(2)    to Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this litigation;

(3)    to Parties' external counsel and Plaintiffs' counsel who have entered an appearance in this litigation, and their respective legal, paralegal, investigative, technical, administrative and other support staff, engaged in the conduct of this litigation on behalf of named Parties;

(4)    to counsel with whom Plaintiffs' counsel associates, confers, or otherwise consults with for the sole purpose of litigating the claims at issue in this action in this Court or in any appeal therefrom. However, before Plaintiffs' counsel convey Confidential Discovery Material to any such counsel, who do not appear as attorneys of record in this action in this Court or in any appeal therefrom, such counsel shall execute the Acknowledgment and Consent attached hereto Plaintiffs' counsel shall serve the signed Acknowledgment and Consent on Defendant's counsel within 14 days of it being signed.

(5)    to this Court, or any other Court exercising jurisdiction with respect to this litigation, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(6)    to any person designated by the Court upon such terms as the Court may deem proper;

(7)    to any special master, referee, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this litigation;

(8)    to agents, employees, or other representatives of the Parties or their counsel in connection with this litigation;

1    (9)    to outside consultants, investigators or experts utilized

2 for the purpose of assisting counsel or testifying in this litigation;

3    (10)    to third-party contractors engaged in one or more aspects

4 of preparing demonstrative material for a party, copying, organizing, filing,

5 coding, converting, storing, or retrieving data or designing programs for handling

6 data connected with this litigation, including the performance of such duties in

7 relation to a computerized litigation support system, but only to the extent

8 reasonably necessary to render such services, and provided such contractors have

9 signed the ACKNOWLEDGEMENT AND CONSENT referenced in this Order;

10    (11)    to (a) the person or entity that produced or originally

11 created the Discovery Material; (b) any author, addressee or recipient of the

12 material indicated on its face; or (c) any person or entity expressly mentioned,

13 discussed or referred to by actual name in the material as indicated on its face;

14    (12)    to a witness in this litigation not otherwise authorized to

15 view the Confidential information in question, during that witness's testimony at a

16 deposition, hearing, or trial in this litigation, provided that (a) the parties first meet

17 and confer  prior to the examiner showing the witness a confidential document

18 (which meet and confer can occur during a break in the deposition); (b) the

19 examiner of the witness has a good faith belief that the witness is likely to have

20 knowledge of the subject matter of the Confidential Discovery Material; and (c)

21 the witness is shown a copy of this Protective Order and is explicitly informed that

22 this Protective Order forbids her or him to disclose the Confidential information

23 except as permitted under this Protective Order, that she or he is subject to the

24 Court's jurisdiction for the purposes of enforcing this Protective Order, and that

25 she or he is not permitted to possess or retain copies of such Confidential

26 Discovery Material.

27

28

1    (13) to any other person agreed to in writing by the

2  Designating Party, which agreement shall not be unreasonably withheld.

3    (c)    Undertaking:  Before disclosure of any Confidential Discovery

4  Material is made to any Party or other person described in:

5    (i)    subparagraphs (7), (9), and (10) of subparagraph 6(b); or

6    (ii)    subparagraph 6(b)(8), if such Party or other person is not

7    employed by the Producing or Designating Party or is not otherwise

8    authorized to view Confidential Discovery Material under the other

9    provisions of subparagraphs 6(b) or 6(c);

10  such Party or other person shall sign an undertaking substantially in the form of

11  Exhibit A, attached hereto, certifying:

12    (1)    that the signatory has read, understands, and will abide

13  by the terms of this Protective Order,

14    (2)    that the signatory will not disclose the Confidential

15  Discovery Material, or the Confidential information contained therein, to any

16  person not authorized by this Protective Order to receive disclosure, or use such

17  document or material for any purpose other than the conduct of this litigation; and

18    (3)    that the signatory consents to the jurisdiction of the

19  United States District Court for the Central District of California for any action to

20  enforce the provisions of such undertaking.

21    The undertakings so obtained shall be deemed work product, and counsel

22  for the Party who obtains them shall retain them during the course of this

23  litigation.  In the event that any Party or other person listed in subparagraph 5(d)

24  refuses to sign such undertaking, counsel seeking to disclose the Confidential

25  Discovery Material may seek advance written permission from the Designating

26  Party, or from the Court, to disclose such material to such person upon good cause

27  shown for such disclosure.

28

7. <u>Challenging Designations of Confidential Discovery Material</u>.

7.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation, whether to an entire document or to a portion of a document, must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party pursuant to Local Rule 37-1. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation of a document was not proper, or was not proper as to a portion of the document, and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

7.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file a discovery motion in compliance with Civil Local Rules 37-2 and 79-5, if applicable, that identifies the challenged material and sets forth in detail the basis for the challenge. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

8. <u>Inadvertent Failure to Designate</u>.

(a)     Except as provided in this paragraph, following a Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as "Confidential" at the time of

1  production shall not operate to waive a Party's or person's right to later designate

2  such Discovery Material as Confidential, provided that, at the time of making the

3  later designation, the Designating Party provides to the Receiving Party a

4  replacement copy of the Discovery Material which replacement copy is properly

5  marked "Confidential" in accordance with Paragraph 2 of this Protective Order.

6  No Party shall be deemed to have violated this Confidentiality Order if, prior to

7  notification of any later designation, such Discovery Material has been disclosed

8  or used in a manner inconsistent with the later designation.   Once such a

9  designation has been made, the relevant documents or materials shall be treated as

10  Confidential in accordance with this Confidentiality Order; provided, however,

11  that if the Discovery Material that was inadvertently not designated is, at the time

12  of the later designation, filed with a court on the public record, the Party or other

13  person that failed to make the designation shall move for appropriate relief.  If an

14  inadvertently omitted Confidential designation is first claimed on the record

15  during the course of a deposition, hearing, or other court proceeding, the subject

16  Discovery Material may be used throughout the deposition, hearing, or proceeding

17  and should be treated as though a confidential designation had been made at the

18  time of disclosure.

19       9.    Privileged and Work-Product Material.

20            (a)    If, in connection with the pending litigation, information

21  subject to a claim of attorney-client privilege or attorney work product protection

22  is disclosed ("Disclosed Protected Information"), the inadvertent disclosure of the

23  Disclosed Protected Information shall not constitute or be deemed a waiver or

24  forfeiture of any claim of privilege or work product protection that a Party would

25  otherwise be entitled to assert with respect to the Disclosed Protected Information

26  and its subject matter.

27

28

(b)     A Party may assert, in writing, the attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The Receiving Party shall, within five (5) business days of receipt of that writing, sequester, protect against being further disclosed, and then return or destroy all copies of the Disclosed Protected Information and provide to the Party claiming privilege a certification of counsel that all such Disclosed Protected Information has been sequestered and returned or destroyed.

(c)     Within ten (10) business days of having received the certification that such Disclosed Protected Information has been sequestered, protected against being further disclosed, and then returned or destroyed, the Party claiming privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure.

(d)     The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion").  The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

(e)     The Party claiming privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.  Documents that are produced that contain privileged information or attorney work product shall be immediately returned if the documents appear privileged on their face.  All copies shall be returned or destroyed by the Receiving Party.

10.     <u>Confidential Documents and Materials at Hearing or Trial</u>.  Disputes arising as to the use of Confidential Discovery Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials.  In

1  addition, no fewer than thirty (30) days before the date upon which the Parties are
2  directed to submit a Joint Pretrial Order in this litigation, the Parties shall meet
3  and confer to negotiate a proposal for Court approval addressing the treatment at
4  trial of material previously designated Confidential.  To the extent the parties fail
5  to agree on a proposal addressing the use of such material at trial, they may submit
6  alternative proposals to the Court for resolution.

7      11.   <u>Further Requests for Production</u>.  If, at any time, any Confidential
8  Discovery Material in the possession, custody or control of any person or Party
9  other than the Designating Party that designated such Confidential documents or
10  materials is subpoenaed or requested by any court, administrative agency,
11  legislative body or other person or entity, the person or Party to whom the
12  subpoena or request is directed shall provide prompt written notice to the original
13  Designating Party and, before producing the Confidential Discovery Material
14  pursuant to the subpoena or request, shall give the original Designating Party a
15  reasonable time within which to seek a judicial order precluding such production.
16  This Confidentiality Order is not intended to affect a Party's obligation to respond
17  to such a subpoena or request within the time required by law as specified in the
18  subpoena or request.

19      12.   <u>Miscellaneous</u>.

20      (a)   By this Confidentiality Order, no Party hereto shall be deemed
21  to have waived its right to assert that any particular document should or should not
22  be accorded Confidential treatment.  The parties intend that this Confidentiality
23  Order shall be consistent with the Federal Rules of Civil Procedure, the Federal
24  Rules of Evidence, and any applicable Local Rules.  For purposes of computing
25  any period of time under this Confidentiality Order, the provisions of Federal Rule
26  Civil Procedure 6 and the Local Rules of the Court shall apply.  This
27  Confidentiality Order may be executed in counterparts.

28

(b) This Confidentiality Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any document.   The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

13.   <u>Termination</u>.   The provisions of this Confidentiality Order shall continue to be binding after final termination of this litigation.   Within one hundred and twenty (120) days after final conclusion of all aspects of this litigation, including any appeals, any Party or other person who received (or tendered to any other person) documents or materials designated for Confidential treatment (or any copy thereof) must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing such Confidential information.   Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials.

14.   <u>Modification Permitted</u>.   Nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Confidentiality Order in the interest of justice.   The Court retains the right to allow disclosure of any Confidential Discovery Material covered by this Confidentiality Order or to modify this Confidentiality Order at any time in the interests of justice.

15.   <u>Additional Parties</u>.   The terms of this Confidentiality Order shall be binding upon all current and future Parties to this litigation and their counsel. Following entry of this Confidentiality Order:

(a)    within ten (10) days of (1) the entry of an appearance by a new Plaintiff or absent class member that elects to appear or to intervene in this litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the First Amended Complaint; Plaintiffs' Counsel shall serve a copy of this Confidentiality Order on counsel for any such new Plaintiff or absent class member;

(b)    within ten (10) days of (1) the entry of an appearance by a new Defendant or third-party Defendant in this Litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the First Amended Complaint; Defendants' Counsel shall serve a copy of this Confidentiality Order on counsel for any new Defendant or third-party Defendant.

16.    A party may challenge, pursuant to Paragraph 7 of this Confidentiality Order any designation of documents that (a) were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the Receiving Party.

17.    <u>Application to Non-Parties and Absent Class Members.</u>

(a)    <u>Protection for Confidential Discovery Material Produced By Non Parties And Absent Class Members</u>:  Any non-party or absent class member producing Discovery Material or giving deposition testimony in this litigation may avail herself, himself or itself of the Confidential treatment provided for in this Confidentiality Order for her, his or its testimony and Discovery Material by following the procedures provided herein.  All counsel in this litigation shall have the obligation to inform any non-party who expresses concern or makes inquiry that pertains to issues addressed by this Confidentiality Order of this Confidentiality Order and, if requested, to provide a copy of this Order to such person.  This Confidentiality Order shall be binding upon such non-parties or absent class members unless they object, in writing, to counsel for a Party or to the

1  Court, to its terms within ten (10) days of service upon them of this

2  Confidentiality Order.

3         (b)    Disclosure of Confidential Discovery Material to Absent Class

4  Members:  Confidential Discovery Material may not be disclosed to absent class

5  members who have not intervened or otherwise appeared in this litigation, except

6  under the circumstances described in Paragraph 6 of this Confidentiality Order.  If,

7  however, Confidential Discovery Material is contained in a filing with the Court

8  pursuant to Paragraph 3 of this Confidentiality Order, such filing may be disclosed

9  to counsel for the absent class member (or the absent class member if not

10 represented), provided that such counsel, if any, and the absent class member

11 execute the undertaking provided for in subparagraph 6(c) of this Confidentiality

12 Order.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS SO STIPULATED.

Dated: November 15, 2013

Wheeler Trigg O'Donnell LLP

By: *s/ Andrew M. Unthank*

    Andrew M. Unthank (*pro hac vice*)
    Attorney for Defendant
    Whirlpool Corporation

Eppsteiner & Fiorica Attorneys, LLP

By: *s/ Stuart M. Eppsteiner*

    Stuart M. Eppsteiner, Esq.
    Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: November 20, 2013

Arthur Nakazato
United States Magistrate Judge

STIPULATED [PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS
CASE NO. 8:13-cv-00725-JVS-AN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIAN APODACA and BRUCE KALEITA, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>   vs.<br><br>WHIRLPOOL CORPORATION,<br><br>              Defendant. | CASE NO. 8:13-cv-00725-JVS-AN<br><br>**ACKNOWLEDGEMENT AND CONSENT** |

     I hereby certify that: (1) I have read the Confidentiality Order that has been entered by the Court in this litigation, and I understand its terms; (2) I understand that Discovery Material (as defined in the Confidentiality Order) designated as Confidential under the Confidentiality Order is being provided to me pursuant to the terms of the Confidentiality Order; (3) I agree to be fully bound by the provisions of the Confidentiality Order, including its provisions restricting disclosure of material designated as Confidential under the Confidentiality Order and limiting the use of such material to the conduct of this litigation; (4) I hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the Confidentiality Order.

Dated: _____      Signature: _____

                                Printed Name: _____

1

# CERTIFICATE OF E- SERVICE

2

3

    I am employed in the county of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is: Eppsteiner & Fiorica Attorneys, LLP, 12555 High Bluff Drive, Suite 155, San Diego, CA  92130.

4

5

    On **November 20, 2013**, I served the following document(s) described as:

6

7

**STIPULATED [PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

8

9

On interested parties, on the interested parties, as follows:

10

11

12

    **X**   **(BY ECF) (E-Service)** I caused said document(s) to be transmitted electronically to the interested parties pursuant to the ECF Service List in this case.

13

14

15

    **X**   (Federal) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

16

17

Dated:  November 20, 2013

18

                                 *Lupe Suro Horn*

                                   Lupe Suro Horn

19

20

21

22

23

24

25

26

27

28